UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COUNTRYWIDE MORTGAGE and BANK OF AMERICA, NA, as successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP,

    Plaintiffs,

v.     Case No: 2:15-cv-299-FtM-29CM

CAROLYN A. LOWE, ET AL.,

    Defendants.

_____

**OPINION AND ORDER**

    This matter comes before the Court on Plaintiff's Motion to Remand (Doc. #9) filed on May 19, 2015.  Defendant has not filed a response and the time to do so has expired.  For the reasons set forth below, the motion to granted.

**I.**

    Plaintiff initiated this foreclosure action in the Twentieth Judicial Circuit Court, in and for Collier County, Florida in 2012. (Doc. #9-1.)  The operative pleading is Plaintiff's Second Amended Complaint, which was served on Defendant on March 14, 2014. (Doc. #4.)  On May 7, 2015, Defendant removed the case to federal court pursuant to 28 U.S.C. § 1441 on the basis of federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction

under 28 U.S.C. § 1332.  (Doc. #1.)  On May 19, 2015, Plaintiff moved to remand the case to state court.  (Doc. #9.)

**II.**

Federal removal jurisdiction is construed narrowly and "all doubts about jurisdiction should be resolved in favor of remand to state court." <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 411 (11th Cir. 1999). The burden of establishing subject matter jurisdiction for purposes of removal is on the removing defendant. <u>Leonard v. Enterprise Rent a Car</u>, 279 F.3d 967, 972 (11th Cir. 2002) (citing <u>Williams v. Best Buy Co.</u>, 269 F.3d 1316, 1318 (11th Cir. 2001)). "[T]o meet their burden, the defendants must show that the plaintiffs' complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." <u>Adventure Outdoors, Inc. v. Bloomberg</u>, 552 F.3d 1290, 1295 (11th Cir. 2008).

The procedure for removal of civil actions is governed by 28 U.S.C. § 1446.  If the initial complaint is removable, Section 1446 requires a defendant to file the notice of removal within thirty days of its receipt.  28 U.S.C. § 1446(b).  If the initial complaint is not removable, the defendant must file the notice of removal within thirty days of receiving the pleading that renders the case removable.  <u>Id.</u>; <u>see also</u> <u>Lowery v. Alabama Power Co.</u>, 483 F.3d 1184, 1212-13 (11th Cir. 2007) ("Regardless of the type of case, a defendant must remove within thirty days of receiving

the document that provides the basis for removal."). Finally, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action," a case cannot be removed on the basis of diversity jurisdiction more than one year after commencement of the action. 28 U.S.C. § 1446(c).

### III.

Other than the conclusory assertion that removal is proper because the Court has both federal question and diversity jurisdiction, the Notice of Removal does not explain how the Second Amended Complaint in the underlying state court foreclosure case provides an adequate basis for removal. Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831-32 (2002) ("[F]ederal jurisdiction generally exists only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint.") (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)) (emphasis in original). Indeed, the existence of the foreclosure case is addressed only in passing and the contents of the Second Amended Complaint are not addressed at all. Instead, the Notice of Removal, which is styled as a complaint, alleges that Plaintiff has committed numerous violations of federal law. While the Notice of Removal is not clear, it appears that Defendant contends that these purported federal violations provide the jurisdictional basis for removal.

- 3 -

However, answers and counterclaims cannot serve as the basis for federal question jurisdiction. Holmes, 535 U.S. at 831 ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."). Likewise, although Defendant asserts that the Court possesses diversity jurisdiction, the Notice of Removal contains no allegations regarding Plaintiff's citizenship. Accordingly, Defendant has failed to carry her burden of establishing that the Court has subject matter jurisdiction and, therefore, Plaintiff's motion will be granted.

Furthermore, even if Defendant had asserted a sufficient basis for removal, remand nevertheless would be required because the Notice of Removal is untimely. Here, the operative pleading is the Second Amended Complaint and Defendant does not assert that any of Plaintiff's subsequent pleadings provides a basis for removal. Thus, the thirty-day removal period provided by 28 U.S.C. § 1446(b) began to run no later than the date Defendant received the Second Amended Complaint. Additionally, Defendant has not alleged that Plaintiff has acted in bad faith in order to prevent removal. Therefore, to the extent removal is based upon diversity jurisdiction, Defendant was required to remove within one year of the commencement of the action. 28 U.S.C. § 1446(c). Defendant filed the Notice of Removal more than 400 days after service of the Second Amended Complaint and more than three years

after commencement of the action. Therefore, regardless of the alleged jurisdictional basis, Defendant's Notice of Removal was untimely under 28 U.S.C. § 1446 and the case is due to be remanded.

**IV.**

Plaintiff seeks attorney's fees and costs incurred in responding to the Notice of Removal, arguing that defendant lacked an objectively reasonable basis for the removal. Under Section 1447, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of costs and expenses, including attorney fees, is a matter within the sound discretion of the court, as guided by the principles discussed in <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 140-41 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."). As set forth above, Defendant's Notice of Removal was not only untimely but also failed to set forth an objectively reasonable basis for the existence of federal jurisdiction. Furthermore, despite the fact that this case had been pending for more than three years, Defendant did not file the Notice of Removal until the eve of her deposition and less than one month before trial. This strongly suggests that Defendant's primary motivation was to delay the state court proceedings. Accordingly, the Court will

entertain a motion for an award of fees and costs to be filed by Plaintiff within fourteen days of this Opinion and Order.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Remand (Doc. #9) is **GRANTED.** The Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Collier County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

2. The Clerk is further **directed** to terminate all pending motions and deadlines and close this case.

3. Within **FOURTEEN (14) DAYS** of this Opinion and Order, Plaintiff may file a motion for an award of fees and costs incurred as a result of removal.

**DONE and ORDERED** at Fort Myers, Florida, this   5th   day of June, 2015.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record